```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

JOHN EZE,                        )
     Plaintiff,                  )
                                 )
     v.                          )
                                 )   C.A. No. 13-12542-DPW
JIM APPLEYARD, et al.            )
     Defendants                  )
                                 )
```

MEMORANDUM AND ORDER
October 10, 2013

For the reasons stated below (1) the plaintiff's motion for leave to proceed in forma pauperis is GRANTED; (2) the motion for a temporary restraining order is DENIED; and (3) the plaintiff is directed to show cause why this action should not be dismissed.

## I.  Background

Pro se plaintiff John Eze brings this action under 42 U.S.C. §§ 1983 and 1985 and state law for the defendants' alleged misconduct during state court proceedings concerning the storage of the plaintiff's property by Jim Appleyard Bonded Storage Warehouse Inc. ("Appleyard Bonded Storage").  The plaintiff alleges that Appleyard Bonded Storage and its owner Jim Appleyard, its attorneys, the plaintiff's ex-landlord of the building in which the plaintiff's property had been located the Commonwealth of Massachusetts, and three court officers violated his federal rights by retaliating against him for criticizing a judicial order and conspiring to deny him due process.  According to the complaint and attachments thereto, Eze was unsuccessful in his state court litigation.  It appears that, prior to April 22,

2013, the state court judge ordered that Eze be allowed to remove his property, but that the removal never occurred because there was disagreement between the parties whether Eze had to pay Appleyard Bonded Storage and/or sign a release for any damage prior to removing the property.  Eze alleges that, because the state judge refused to enforce her own order or to hold Appleyard Bonded Storage in contempt of court, the property remains with Appleyard Bonded Storage.  Eze appealed to a single justice, who found that the trial court judge had not abused her discretion and also denied Eze's request to find Appleyard Bonded Storage in contempt of court.

   Eze represents that Appleyard Bonded Storage is going to auction of his property at a sale scheduled for Friday, October 11, 2013 at 2:30pm.  He has filed a motion for a temporary restraining order against Jim Appleyard to stop the sale.  Eze does not indicate that he has notified any of the defendants of the motion or the present complaint.

## II.  Discussion

**A.   Motion for Leave to Proceed <u>In Forma Pauperis</u>**

   Upon review of the motion, I conclude that the plaintiff has shown that he is without assets or income to prepay the filing fee.  Accordingly, the motion for leave to proceed <u>in forma pauperis</u> is ALLOWED.

**B.   Screening of the Complaint**

   Because the plaintiff is proceeding <u>in forma pauperis</u>, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2).

This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  Further, a court has an obligation to inquire sua sponte into its own subject matter jurisdiction.  See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  In conducting this review, I liberally construe the plaintiff's complaint because he is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Here, the complaint is subject to dismissal for lack of jurisdiction because, in effect, the plaintiff seeks to undo orders and/or judgments entered by a state court.  However, under the Rooker-Feldman doctrine, a federal district court lacks jurisdiction over a final judgment of a state court.  See Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 65 (1st Cir. 2008).  In other words, the doctrine "bars parties who lost in state court from 'seeking review and rejection of that judgment' in federal court.'"  Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 68 (1st Cir. 2008) (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)); see also D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  While Eze does not specifically state that he is trying to overturn the state court's orders and judgments against him, the thrust of his

complaint is that the state court incorrectly ruled against him and he seeks a different result in this court. At least as to his federal claims, he is implicitly seeking review and rejection of state court orders, and I lack jurisdiction over such claims. "[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." Davison v. Gov't of Puerto Rico-Puerto Rico Fifefighters Corps., 471 F.3d 220, 223 (1st Cir. 2006).

**C.   Motion for a Temporary Restraining Order**

A party seeking an *ex parte* temporary restraining order must allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Further, the party must certify to the Court in writing the efforts, if any, which have been made to give the defendant notice of the request for a restraining order, or the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). Finally, any consideration of the appropriateness of preliminary injunctive relief must take into the plaintiff's likelihood of success on his claims. See Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006)

Eze has not certified his efforts to give notice to the defendants of his motion for emergency relief or explained why such notice should not be required. His failure to meet the

requirements of Fed. R. Civ. P. 65(b)(1)(B) provides sufficient ground for denial of a motion for a temporary restraining order. Further, because it appears that I lack jurisdiction over this matter, Eze has not shown a likelihood of success on the merits of the case.

### III.  Conclusion

Accordingly:

1. The motion for leave to proceed in forma pauperis is GRANTED.

2. The motion for a temporary restraining order is DENIED.

3. The plaintiff is directed to show good cause, within thirty-five (35) days, why this action should not be dismissed for the reasons stated above.  Failure to comply with this order will result in dismissal of this case.

SO ORDERED.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE