```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

JOHN EZE,
    Plaintiff,

    v.                                  Civil Action
                                        No. 13-12542-DPW

JIM APPLEYARD, ET AL.,
    Defendants.

              MEMORANDUM AND ORDER FOR DISMISSAL

                    November 25, 2013

WOODLOCK, D.J.

I.    INTRODUCTION

    *Pro se* plaintiff John Eze filed the instant civil rights action based on the defendants' alleged misconduct during state court proceedings concerning the storage of his property at the Appleyard Bonded Storage ("ABS") facility.  Plaintiff claimed the owner, Jim Appleyard, ABS attorneys, his ex-landlord, and three court officers violated his rights by retaliating against him for criticizing a judicial order and by conspiring to deny him due process.

    On October 10, 2013, I issued a Memorandum and Order (Docket No. 6) granting plaintiff's Motion for Leave to Proceed *in forma pauperis*, denying his Motion for a Temporary Restraining Order, and directing him to show cause in 35 days (*i.e.*, November 14, 2013) why this case should not be dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine,[1] as it appeared

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

plaintiff was seeking a different result in this Court because of his dispute with state rulings.

In response, on October 10, 2013, plaintiff filed a Letter (Docket No. 8) in which he states that he is not an attorney, but he is able to prove his allegations and will provide records of papers filed in the Superior Court and the Massachusetts Appeals Court reflecting that he sought a Stay, to no avail. He argues in a general fashion that I have jurisdiction over this matter in order to protect the rights of victims from being targeted by state court employees. Finally, he indicated he would come back to this Court with further evidence.

## II. DISCUSSION

Nothing in plaintiff's Letter, which I construe as his Show Cause Response, specifically addresses the jurisdictional issues raised in my prior Memorandum and Order. The fact that plaintiff has sought relief in the Massachusetts Appeals Court is not germane to the jurisdictional issues presented here. Plaintiff's promise of filing state court records as proof also is unavailing.

Accordingly, I will DISMISS this action for the failure of plaintiff to demonstrate good cause as directed, and for the substantive reasons set forth in my Memorandum and Order (Docket No. 6).

## III. CONCLUSION

Based on the foregoing, it is hereby Ordered that this

action is DISMISSED in its entirety for lack of subject matter jurisdiction.

SO ORDERED.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODOCK
UNITED STATES DISTRICT JUDGE